NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL TISOL-MATUL, AKA Victor Tisol Vargas, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  16-70467 <br><br> Agency No. A087-991-717 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022**
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and BOLTON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Victor Manuel Tisol-Matul ("Tisol-Matul"), a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing an appeal from an order of an immigration judge denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings, including the agency's determination that a petitioner does not qualify for withholding of removal, under the highly deferential "substantial evidence" standard. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (reviewing nexus determination under substantial evidence standard); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), *superseded by statute on other grounds*, 8 U.S.C. § 1252(b)(4)(B). A factual finding "is not supported by substantial evidence when 'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1.      Substantial evidence supports the agency's conclusion that gang members targeted Tisol-Matul because he resisted their demands that he leave his job, meaning they targeted him for "economic and personal reasons" rather than on

2

account of his political opinion.[1] *See Barrios v. Holder*, 581 F.3d 849, 855–56 (9th Cir. 2009) (quoting *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008)), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Elias-Zacarias*, 502 U.S. at 482 (affirming that persecution must be "on account of" a protected ground in order to warrant relief); *Zetino*, 622 F.3d at 1016 (a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

2.      Because Tisol-Matul did not contest the agency's findings regarding his social group or his CAT claim in his briefing before this Court, he has forfeited these claims. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (affirming general rule that the court does not review claims absent from opening brief) (citation omitted).

**PETITION DENIED.**

---

[1] We do not have jurisdiction to evaluate Tisol-Matul's imputed political opinion claim because he did not exhaust it before the agency. *See Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011) (quoting *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) ("[F]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust . . . and deprives this court of jurisdiction . . . .").